Johnson J.
delivered the opinion of the Court. '
The case stated in the process, was one of which the Court confessedly had jurisdiction ; and until the jury had determined in what amount the defendant was indebted to the plaintiff, the Court had no means of judging whether it was, or was not, within the exclusive jurisdiction of a magistrate : and I believe there is no instance on record, of a nonsuit ordered after verdict for plaintiff. . In the English Courts, if the damages, as in this case, are laid at a sum within the jurisdiction of the Court, where the suit is brought, the Court will not stay the proceedings on a mere suggestion of the defendant, that the damages do not exceed the *90 amount cognizable in an inferior Court; for the quantum of (jamages must be assessed by the jury.* It occurred to me at the time, and I am still inclined to think, that the defendant might have availed himself of this objection to the jurisdiction of the Court, by pleading nil debet as to the cotton, and bringing in the money as to the note ; but that course was not pursued, and I saw no way of affording him relief, if the merits of the cause had intitled him to it. In cases where the plaintiff has deceitfully, and without any pretence, superadded a fictitious cause of action to a meritorious one, to increase the' amount from a magistrate’s, to the summary jurisdiction of the Court, or from that to the general jurisdiction ; the Courts have adopted the practice of nonsuiting the plaintiff in' the first, and of awarding only summary costs, in the latter; as in the Cambridge Association v. Nichols, 1 Treadw. 121, as the means of protecting itself from becoming a tribunal for the trial of causes small and mean ; and as a punishment on the plaintiff for wantonly accumulating the costs : and this practice, should, I think, be preserved. Here, however, it did not appear to me, that the defendant could be protected by, or was intitled to, the benefit of it: It might have applied if there had been no proof as to the cotton, for then it would have remained in the power of the Court; but on this subject the evidence was too doubtful to authorize the Court to take the case from the jury.
I know of no rule which authorizes the Court to award magistrate’s costs. At law, costs are not discretionary: The plaintiff in general is intitled to full costs, or none; and I am not aware of any exception which embraces this cause.
Motion refused.

 Barnes, 497. 3 Burr, 1592. 2 Ld.Raym. 1304. The practice, has, however, been since so far altered, that if it appear by the plaintiff’s acknowledgement, 4 T. R 495. 2 W. Bl. 754. 2 Bos. & Pull. N. R. 84. or even from the defendant’s affidavit, if not denied by the plaintiff, 5 T. R 64. that the sum actually due is below the jurisdiction, proceedings will be stayed. The rule, however, is a rule nisi; and in a late case in the Exchequer it was held, that if the plaintiff upon shewing cause, will put in an affidavit, that the sum due is within the jurisdiction, the Court will not inquire into the amount, but the rule will be at once dismissed with costs. 2 Price, 8. R.